**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY**                                                        **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 2:07CV15-P-A**

**TRANSCONTINENTAL TITLE
COMPANY**                                                            **DEFENDANTS**

## ORDER

This cause is before the Court on the plaintiff's Motion to Remand [7]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant's removal petition contains only a sketchy explanation of the basis for removal. They assert that this Court has jurisdiction by reason of diversity and amount in controversy. However, the allegation pertaining to the amount in controversy merely avers: "[a]s stated in its complaint, Old Republic claims damages in excess of $75,000.00 . . . ."

Defendant's notice of removal fails to satisfy the Court that the amount in controversy requirement has been met. A defendant who removes a case to federal court bears the burden of proving the jurisdictional prerequisites. <u>Felton v. Greyhound Lines, Inc.</u>, 324 F.3d 771, 773 (5th Cir. 2003). The amount in controversy may be established in one of two ways. First, a defendant can establish that it is facially apparent from the plaintiff's complaint that the amount in controversy exceeds § 1332's jurisdictional minimum. <u>Id.</u> Second, the defendant can establish the facts in controversy through the removal petition or by accompanying affidavit. <u>Id.</u>

Reference to the complaint and its attachments reveals that the plaintiff expended $14,249.09 to obtain reformation of a Deed of Trust and foreclosure thereon as a result of alleged misfeasance on the part of Transcontinental; although the body of the complaint includes an averment that Old Republic is likely to incur additional expenses, the nature of those anticipated expenditures is not enumerated.

The removal petition contains only a bare bones statement that the amount in controversy exceeds $75,000. There is no accompanying affidavit describing how the facts in controversy meet the jurisdictional minimum. Furthermore, defendant did not deign it worth his time and effort to respond to plaintiff's Motion to Remand. Without more, the Court cannot conclude that the amount in controversy has been satisfied. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to Remand [7-1] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that this cause is hereby REMANDED to the County Court of Desoto County.

SO ORDERED, this the 26th day of July, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE